## THE TWILIGHT.

### THE MARY J. WALKER.

(District Court, E. D. Pennsylvania. July 8, 1905.)

#### No. 27.

ADMIRALTY—RELEASE OF LIBELED VESSEL—AMOUNT OF BOND.

In fixing the amount of the stipulation for the release of a libeled vessel where there is a dispute as to its value, which is less than libelant's claim, the bond will be required for the highest amount, subject to the right of the claimant on final hearing to prove the value to which libelant's recovery will be limited.

[Ed. Note.—For cases in point, see vol. 1, Cent. Dig. Admiralty, §§ 456, 460.]

In Admiralty. On application for order fixing amount of bond.

Francis C. Adler and John F. Lewis, for libelant.
Henry R. Edmunds, for respondent.

HOLLAND, District Judge. A libel has been filed in this case to recover damages to the steamer Twilight as a result of a collision with a car float in tow of the tug Mary J. Walker. The twilight claims to have sustained damages in the amount of $19,000. The respondent tug has been attached, and the parties are now before this court for the purpose of fixing the amount of the bond to be filed as a stipulation for the release of the tug. Admiralty appraisers were appointed by this court, who valued the tug at $4,000. Counsel for the Mary J. Walker has filed three affidavits by experienced tugmen on the river, who testify that in their judgment the tug is worth from $3,600 to $4,000. Counsel for the Twilight has filed the affidavit of experienced tug builders who say that the tug is worth at least $7,300, and further that this sum was offered for the tug Mary J. Walker in April of this year, and that the owners were then asking $10,000 for it. They have it insured, however, for only $4,000.

It is urged on the part of the libelant that the release of the tug upon a stipulation of $4,000 would operate greatly to the prejudice of the libelant, if it should be proven subsequently that her value exceeded that sum, because in that event the owners of the Twilight would be obliged to look for the recovery of the excess to the personal responsibility and credit of the owners, and that that responsibility is usually fruitless, as the owners are numerous, and their residence at different places, so that the collection is impossible, but that, in case it should turn out at the final hearing that the tug is worth less than the bond or stipulation, the libelant can only recover the amount of the value of the tug. This contention on the

part of the libelant, in my judgment, is correct. In The City of Norwich, 118 U. S. 468, 6 Sup. Ct. 1150, 30 L. Ed. 134, the stipulation was $70,000, and upon an application for limitation of liability the libelants were only permitted to recover the value of the vessel. In this case the evidence is conflicting as to the value of the vessel, and as the fixing of the amount of the bond does not fix the value of the tug, under the law, as the court views it, the respondent will be permitted on final hearing to show exactly the value of the tug, which will be the amount of the libelant's recovery, if it had sustained damages to that amount or more.

It is directed that a stipulation in this case be entered in the sum of $7,300.